RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED Y-4
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _m_
DATE 4-15-04

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| D.B.I. WASTE SYSTEMS, INC., ) |   |
| Plaintiff, ) |   |
| v. ) | C. A. No.: |
| UNITED STATES OF AMERICA ) |   |
| DEPARTMENT OF VETERANS AFFAIRS; ) |   |
| MASS HAULING AND RECYCLING; and ) |   |
| UNITED STATES GENERAL ACCOUNTING OFFICE [GAO] ) |   |
| Defendants. ) |   |

04cv10768 DPW

## VERIFIED COMPLAINT[1]

Plaintiff D.B.I. Waste Systems, Inc. ("DBI"), by its undersigned counsel, brings this civil action against Defendant United States of America, Department of Veterans Affairs (the "VA") and Defendant Mass Hauling and Recycling ("MHR")[2] in which it seeks an order from this Court enjoining the VA from awarding a contract to MHR for the pick-up and removal of solid waste materials from the VA facility 150 Huntington Avenue located in Boston, Massachusetts and enjoining MHR from performing any work under that contract.[3]

---

[1] This Verified Complaint is sworn to by the (3) three people at DBI who collectively have the knowledge of the facts contained herein and its attorney, Attorney Spencer Demetros.
[2] Copies of the Exhibits attached hereto were previously provided the parties as referred to in the Service List ("Certificates of Service") attached hereto as indicated "without Exhibits."
[3] DBI hereby incorporates by reference Exhibits A to P attached hereto.

## THE PARTIES

1. DBI is a corporation organized under the laws of Massachusetts with its principal place of business located at 378 Third Street in Everett, Massachusetts.

2. The VA is an agency of the United States Government empowered to enter into contracts on behalf of the United States of America and subject to Law and Regulations with a healthcare facility located at 150 South Huntington Avenue in Boston, Massachusetts (the "Facility").

3. On information and belief, MHR is a Massachusetts company with its principal place of business located at 200 Libbey Industrial Parkway in East Weymouth, Massachusetts.

4. The GAO is a political subdivision of the United States of America empowered *inter alia* to hold adjudicatory proceedings involving Bid Disputes.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the issues raised in this Complaint pursuant to 28 U.S.C. § 1491(b).

6. Venue in this Eastern District of the United States District Court for the District of Massachusetts is proper pursuant to 28 U.S.C. § 1391(e), as the VA is an agency of the United States government, DBI resides in this District, and no real property is involved in the action.

## PERTINENT FACTS
### (Procedural History)

7. Pursuant to Solicitation Number: IFB523-120-03 (the "Solicitation"), the VA invited bids on a contract for the provision of all labor, materials, tools, transport, travel, equipment and supervision to conduct pick-up and removal of solid waste materials from the Facility for the base period of October 1, 2003 through September 30, 2004, with the four years immediately following the base period as option years (the "Contract"). Exhibit H-3

8. Since 1994, DBI has been successfully providing the precise service contemplated by the Contract, namely the removal of solid waste materials from the Facility. Exhibit D, final two pages.

9. DBI is currently performing those services to the Facility, though work under the Contract bid was to have commenced October 1, 2003 pursuant to VA and GAO regulations involving Bid Dispute.

10. DBI duly submitted its bid submission ("DBI's Offer and/or Bid") in response to the Solicitation September 29, 2003, at 2:00 PM. Exhibit H-5

11. MHR submitted its bid ("MHR's Offer and/or Bid"), as did nine (9) other bidders. Ten (10) bidders in total made bids on the three facilities, each bidder making an offer on any combination of the three facilities, listed in the Solicitation. Each bid was some one hundred (100) pages. Exhibits H-3 and H-5

12. As part of its Offer, DBI included a provision that the VA would receive a 2% discount on the total due each month for prompt payment within 30 days of each billing month, which discount DBI has given the VA since 1994, even in months when the VA's payment was made more than 30 days after the due date. DBI understands that discounts can not be taken into consideration in computing the price bid pursuant to Federal Regulation but states this fact is in the Public Interest. The United States Government has saved some $51,852,19.00 since 1994 in its contract with DBI. Exhibit H-5

13. DBI also included with its Offer a memorandum that contractually guaranteed its prices, stating: "ALL FLAT RATE PRICES ARE FIRM AND FIXED FOR THE BASE PERIOD AND ALL OPTION YEARS" and that "THERE WILL NEVER BE AN INCREASE OF ANY KIND TO THE V.A. THROUGHOUT THE TERM OF THIS CONTRACT, EVEN IF

3

DUMPING FEES ARE INCREASED FOR [DBI]." MHR did not. Exhibits H-4 and H-5.

14. On September 29, 2003, the Contracting Officer for the VA opened the bids. At the bid opening, the Contracting Officer did not award the Contract to any of the bidders.

15. A representative of DBI, Ernie Diorio, delivered DBI's offer at the bid opening on behalf of DBI. The Contracting Officer did not award the contract to any bidder at the opening. After the bids were opened, the Contracting Officer did not say which bidder would be awarded the contract but as nearly as can be determined that MHR was the "apparent low bidder." DBI did not receive a copy of MHR's bid at the Bid Opening.

16. By Memorandum dated November 24, 2003, received November 25, 2003, the VA announced that MHR would be awarded the Contract, noting that MHR had submitted the apparent low price of $734,970.00, which was $6.00 less than "the second low price" submitted by DBI. For each of the five potential contract years, MHR offered a price of $146,994.00, whereas DBI offered an annual price of $147,000.00. Exhibit A

17. DBI timely filed a bid protest (the "Protest") with the General Accounting Office (the "GAO") on December 4, 2003, which was within ten (10) days of the receipt, November 25, 2003, by DBI of the November 24, 2003 Memorandum stating award of the Contract to MHR. A copy of the Protest is attached hereto as Exhibit B.

18. In the Protest, DBI argued, *inter alia*, that: (1) the six dollar difference between its bid and MHR's represents .004% of DBI's $147,000 annual Contract price and is thus *de minimis*; (2) the analysis of Bid Award should then have turned to the issue of the bidders' past performance, about which DBI submitted information as part of its Offer. MHR did not; and (3) that DBI's continued performance of the work called for by the Contract, which it has been performing since 1994, and its inclusion of a discount would better serve the public interest.

19. The Protest also stated: "DBI believes that Mass Hauling's Offer may have been defective in one or more respects, potentially disqualifying the MHR bid. Exhibit B

20. Prior to and after December 4, 2003, DBI requested from the VA a copy of MHR's Bid, but it was not provided by the VA at that time (see Request for Documents attached hereto as Exhibit G, last two pages).

21. Not having received a copy of the MHR's Bid eight days after its written request, counsel for DBI telephoned the VA on December 12, 2003 and retrieved a copy by messenger later that day.

22. During this time, by decision dated December 10, 2003, received December 11, 2003, by DBI, the GAO dismissed the Protest, *sua sponte*, on the ground that MHR had submitted the lowest bid (the "December 10th Dismissal"). A copy of the December Dismissal is attached hereto as Exhibit C.

23. The VA had not filed any papers nor provided any documentation responsive to DBI's request for documents as of the time of the December 10th Dismissal.

24. On December 20, 2003, DBI timely filed its Request for Reconsideration of the December 10th Dismissal based upon the new information, learned when the VA provided MHR's Bid Document December 12, 2003. This new information concerned defects in the MHR Bid. A copy of the Request for Reconsideration is attached hereto as Exhibit D.

25. A review of MHR's Offer by former counsel for DBI revealed that the bid was inconsistent, confusing, indeterminate and ultimately nonresponsive.

26. Among other material deficiencies, MHR responded to requests for Contract Line Item Numbers alternately with blanks, dashes and zeroes.

27. Under GAO decisions, as well as general principles of contract law, a bid that fails

to include a price for every item required by the invitation for bid must be rejected as nonresponsive, because the omission of prices demonstrates a refusal to be bound legally to provide the services in question. (See attached Memorandum of Law.)

28. On January 8, 2004, the GAO issued an Acknowledgment of Protest, apparently deciding DBI's Request for Reconsideration was a new bid protest. Exhibit E

29. Sometime in February 2004 (the date is unclear because DBI did not receive a copy of the filing until February 17, 2004), the VA submitted a letter in response to DBI's Request for Reconsideration, which apparently was intended to serve as the agency "Report" required by the GAO in bid protests (the "VA Report"). (See Exhibits E, F, and G.) A copy of the VA Report is attached hereto as Exhibit H.

30. The VA Report challenged the timeliness of DBI's claim that MHR's Offer was nonresponsive and discussed the merits of DBI's Request for Reconsideration. (See Exhibits H-1 to H-5.)

31. Not until February 17, 2004, when the VA provided additional documents not seen before by DBI, did DBI first learn that the copy of MHR's Bid that the VA had provided to DBI on December 12, 2003 was different from the Bid as it existed at the time of the bid opening.

32. MHR's Bid as submitted on September 29, 2003, did not have the name or address of the bidder in box 17a of the cover sheet, Standard Form 1449, nor the name of the bidder anywhere else in the bid documents. (See copies of Standard Form 1449 attached hereto.)

33. With the identity of the bidder left blank, MHR's Offer did not identify a party with whom the VA could enter into the contract with or more importantly who had submitted the bid.

34. On February 26, 2004, DBI timely filed its Comments on the VA's Report, noting

this further bid failure among others. A copy of DBI's Comments is attached hereto as Exhibit I.

35. On March 12, 2004, the VA filed a(n) (unsolicited) written response to DBI's Comments on the VA's Report in which the VA admitted for the first time that the Contracting Officer had, in fact, altered MHR's bid subsequent to the bid opening and before the November 24, 2003, award notice, by adding to the bid on behalf of MHR, indicating the identity of MHR with its name and address. (See Exhibit J-1.) Prior to this, nowhere else on the bid documents had MHR been identified as the bidder.

36. On March 22, 2004, DBI filed its response to the VA's March 12, 2004 filing. Exhibit K.

37. On March 25, 2004, received by DBI March 31, 2004, the GAO dismissed what it characterized as DBI's protest concerning the nonresponsiveness of MHR's Bid, on the grounds that DBI knew or should have known of any deficiencies in MHR's bid at the time of the bid opening. DBI strongly disagrees with this position and is supported by the appropriate regulations governing the Bid submissions. (See attached hereto Exhibit K)

38. The GAO decision did not address the merits of DBI's claim, that MHR's Offer was nonresponsive and did not enable the VA to enter into a legally enforceable contract as no party was identified by the original Bid as the Offerer. (Exhibit K)

39. There will be no harm to the public during the pendency of this action, as DBI continues to provide the services called for under the Contract per applicable Federal regulations when there is a Bid Dispute. (See Memorandum of Law attached hereto.)

WHEREFORE DBI requests this Honorable Court find MHR's Offer does not permit the VA to enter into a binding contract with MHR; The VA was required to reject MHR's Offer for

its nonresponsiveness; The VA wrongfully awarded the Contract to MHR; The VA award DBI the Contact as the Second lowest and qualified Bidder.

## PRAYERS FOR RELIEF

WHEREFORE, DBI respectfully requests that this Honorable Court:

1. Issue a temporary restraining order and preliminary injunction (a) prohibiting the VA from awarding the Contract to MHR, and (b) prohibiting MHR from performing any work under the Contract;

2. After Hearing, issue a permanent injunction prohibiting the VA from awarding the Contract to MHR;

3. Issue an order requiring the VA to award the contract to DBI;

4. Pursuant to applicable Federal Regulations award DBI its costs and attorney's fees incurred in this action; and

5. Award such other and further relief as the Court deems just and proper.

                PLAINTIFF
                D.B.I. WASTE SYSTEMS, INC.

                By its attorney,

April 15, 2004

                Attorney David J. Hopwood
                (BBO #239680)
                Cape Cod Office
                27 Sabbatt Road
                P.O. Box 3918
                Pocasset, MA 02559
                Telephone: 508-563-7654
                Facsimile: 508-563-7682

## VERIFICATION

I, Attorney Spencer C. Demetros, *having appeared before the GAO as* attorney for D.B.I. Waste Systems, Inc., Plaintiff in this action have read the foregoing Verified Complaint and state that the allegations therein are true and accurate to the best of my knowledge. Signed under the penalties of perjury this _____ day of April 2004.

_____
Spencer C. Demetros
(BBO #558874), Law Offices of Spencer C. Demetros, 262 Washington Street, Suite 400, Boston, MA 02108, Telephone: (617) 742-0020, Facsimile: (617) 371-0911

I, Joseph Diorio, of D.B.I. Waste Systems, Inc., Plaintiff in this action have read the foregoing Verified Complaint and state that the allegations therein are true and accurate to the best of my knowledge. Signed under the penalties of perjury this _6 TH_ day of April 2004.

_____
Joseph Diorio
D.B.I. Waste Systems, Inc.

I, Marie Prezioso, of D.B.I. Waste Systems, Inc., Plaintiff in this action have read the foregoing Verified Complaint and state that the allegations therein are true and accurate to the best of my knowledge. Signed under the penalties of perjury this _6 TH_ day of April 2004.

_____
Marie Prezioso
D.B.I. Waste Systems, Inc.

I, Ernie Diorio, of D.B.I. Waste Systems, Inc., Plaintiff in this action have read the foregoing Verified Complaint and state that the allegations therein are true and accurate to the best of my knowledge. Signed under the penalties of perjury this _6 TH_ day of April 2004.

_____
Ernie Diorio
D.B.I. Waste Systems, Inc.

PAGE 1 OF 3

**SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS**
**OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, & 30**

| Field | Value |
|---|---|
| 1. REQUISITION NO. | |
| BPA NO. | |
| 2. CONTRACT NO. | |
| 3. AWARD/EFFECTIVE DATE | |
| 4. ORDER NO. | |
| MODIFICATION NO. | |
| 5. SOLICITATION NO. | IFB523-120-03 |
| 6. SOLICITATION ISSUE DATE | 8/29/2003 |
| 7a. FOR SOLICITATION INFORMATION CALL: NAME | NORBERT J. CEBULA |
| b. TELEPHONE NO. | (617)232-9500 EXT 5523 |
| 8. OFFER DUE DATE/LOCAL TIME | 09/29/2003 2:00 PM |
| 9. ISSUED BY | DEPARTMENT OF VETERANS AFFAIRS, Boston Healthcare System, 150 South Huntington Avenue, Boston, MA 02130 |
| 10. THIS ACQUISITION IS | [X] UNRESTRICTED / SET ASIDE: 0 % FOR SMALL BUSINESS / HUBZONE SMALL BUSINESS / 8(A) / NAICS: 562111 |
| 11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED | SEE SCHEDULE |
| 12. DISCOUNT TERMS | N/A |
| 13a. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700) | |
| 13b. RATING | N/A |
| 14. METHOD OF SOLICITATION | [ ] RFQ [X] IFB [ ] RFP |
| 15. DELIVER TO | DEPARTMENT OF VETERANS AFFAIRS, Boston Healthcare System, 150 South Huntington Avenue, Boston, MA 02130 |
| 16. ADMINISTERED BY | DEPARTMENT OF VETERANS AFFAIRS, Boston Healthcare System, 150 South Huntington, Boston, MA 02130 |
| 17a. CONTRACTOR/OFFEROR | |
| 18a. PAYMENT WILL BE MADE BY | Fiscal (04), Boston Healthcare System, 150 South Huntington Avenue, Boston, MA 02130 |

| 18. ITEM NO. | 20. SCHEDULE OF SUPPLIES/SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | PROVIDE ALL LABOR, MATERIALS, TOOLS, TRANSPORT, TRAVEL, EQUIPMENT AND SUPERVISION TO CONDUCT PICK-UP AND REMOVAL OF SOLID WASTE MATERIALS. SOLID WASTE CONSISTING OF MIXED RUBBISH AND GARBAGE TYPICAL OF INSTITUTIONAL OCCUPANCY EXCLUDING PATHOLOGICAL OR CONTAINMENT WASTE. SEE ADDENDUM TO SF 1449 FOR QUANTITIES. THE OFFEROR MAY SUBMIT ONE BID FOR ONE, TWO, OR ALL OF THE FACILITIES. HOWEVER EACH FACILITY THAT THE OFFEROR SUBMITS A BID, THE OFFEROR SHALL SUBMIT A BID FOR THE BASE PERIOD AND ALL OPTION YEARS. AWARD(S) WILL BE BE BASED UPON THE AGGREGATE PRICE OF THE BASE PERIOD AND OPTION YEARS FOR EACH FACILITY. BID WILL BE PUBLICALLY OPENED AT 2:00 PM AT BOSTON HEALTHCARE, JAMACIA PLAIN IN THE CONFERENCE ROOM 10TH FLOOR | | | | |

26. TOTAL AWARD AMOUNT (For Govt. Use Only)

25. ACCOUNTING AND APPROPRIATION DATA

27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1, 52.212-4. FAR 52.212-3 AND 52.212-5 ARE ATTACHED. ADDENDA [X] ARE [ ] ARE NOT ATTACHED.
27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED. ADDENDA [ ] ARE [ ] ARE NOT ATTACHED
28. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN ONE COPIES TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED HEREIN.
29. AWARD OF CONTRACT: REFERENCE _____ OFFER DATED _____ YOUR OFFER ON SOLICITATION (BLOCK 5), INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN IS ACCEPTED AS TO ITEMS:

30a. SIGNATURE OF OFFEROR/CONTRACTOR: *(signature)*
30b. NAME AND TITLE OF SIGNER (TYPE OR PRINT): 1 of SALES
30c. DATE SIGNED: 9-29-03
31a. UNITED STATES OF AMERICA (SIGNATURE OF CONTRACTING OFFICER)
31b. NAME OF CONTRACTING OFFICER (TYPE OR PRINT): NORBERT J. CEBULA, CONTRACTING OFFICER
31c. DATE SIGNED

AUTHORIZED FOR LOCAL REPRODUCTION
STANDARD FORM 1449 (REV. 4/2002)
Prescribed by GSA - FAR (48 CFR) 53.212

PAGE 1 OF J

**SOLICITATION/CONTRACT/ORDER FOR COMMERCIAL ITEMS**
**OFFEROR TO COMPLETE BLOCKS 12, 17, 23, 24, & 30**

| 1. REQUISITION NO. | | BPA NO. | |
|---|---|---|---|
| 2. CONTRACT NO. | 3. AWARD/EFFECTIVE DATE | 4. ORDER NO. | MODIFICATION NO. | 5. SOLICITATION NO. IFB523-120-03 | 6. SOLICITATION ISSUE DATE 8/29/2003 |

| 7. FOR SOLICITATION INFORMATION CALL: | a. NAME NORBERT J. CEBULA | b. TELEPHONE NO. (No Collect Calls) (617)232-9500 EXT 5523 | 8. OFFER DUE DATE/LOCAL TIME 09/29/2003 2:00 PM |
|---|---|---|---|

9. ISSUED BY  CODE

DEPARTMENT OF VETERANS AFFAIRS
Boston Healthcare System
150 South Huntington Avenue
Boston, MA  02130

10. THIS ACQUISITION IS
[X] UNRESTRICTED
[ ] SET ASIDE: 0 % FOR
[ ] SMALL BUSINESS
[ ] HUBZONE SMALL BUSINESS
[ ] 8(A)
NAICS: 562111
SIZE STANDARD:

11. DELIVERY FOR FOB DESTINATION UNLESS BLOCK IS MARKED
[ ] SEE SCHEDULE

12. DISCOUNT TERMS  N/A

13a. THIS CONTRACT IS A RATED ORDER UNDER DPAS (15 CFR 700)
13b. RATING  N/A

14. METHOD OF SOLICITATION
[ ] RFQ  [X] IFB  [ ] RFP

15. DELIVER TO  CODE
DEPARTMENT OF VETERANS AFFAIRS
Boston Healthcare System
150 South Huntington Avenue
Boston, MA  02130

16. ADMINISTERED BY  CODE
DEPARTMENT OF VETERANS AFFAIRS
Boston Healthcare System
150 South Huntington
Boston, MA  02130

7a. CONTRACTOR/OFFEROR  CODE  FACILITY CODE

MASS HAULING
200 LIBBEY
E. WEYMOUTH MA
02189

TELEPHONE NO.

18a. PAYMENT WILL BE MADE BY  CODE
Fiscal (04)
Boston Healthcare System
150 South Huntington Avenue
Boston, MA  02130

18b. SUBMIT INVOICES TO ADDRESS SHOWN IN BLOCK 18a UNLESS BLOCK BELOW IS CHECKED
[ ] SEE ADDENDUM

17b. CHECK IF REMITTANCE IS DIFFERENT AND PUT SUCH ADDRESS IN OFFER

| 19. ITEM NO. | 20. SCHEDULE OF SUPPLIES/SERVICES | 21. QUANTITY | 22. UNIT | 23. UNIT PRICE | 24. AMOUNT |
|---|---|---|---|---|---|
| | PROVIDE ALL LABOR, MATERIALS, TOOLS, TRANSPORT, TRAVEL, EQUIPMENT AND SUPERVISION TO CONDUCT PICK-UP AND REMOVAL OF SOLID WASTE MATERIALS. SOLID WASTE CONSISTING OF MIXED RUBBISH AND GARBAGE TYPICAL OF INSTITUTIONAL OCCUPANCY EXCLUDING PATHOLOGICAL OR CONTAINMENT WASTE  SEE ADDENDUM TO SF 1449 FOR QUANTITIES  THE OFFEROR MAY SUBMIT ONE BID FOR ONE, TWO, OR ALL OF THE FACILITIES.  HOWEVER EACH FACILITY THAT THE OFFERER SUBMITTS A BID, THE OFFEROR SHALL SUBMIT A BID FOR THE BASE PERIOD AND ALL OPTION YEARS.  AWARD(S) WILL BE BE BASED UPON THE AGGREGATE PRICE OF THE BASE PERIOD AND OPTION YEARS FOR EACH FACILITY  BID WILL BE PUBLICALLY OPENED AT 2:00 PM AT BOSTON HEALTHCARE, JAMACIA PLAIN IN THE CONFERENCE ROOM 10TH FLOOR | JAMAICA PLAIN $146,994.00/12 = $12,249.50 X 10 MONTHS = $122,495 | | | |

26. TOTAL AWARD AMOUNT (For Govt. Use Only)

25. ACCOUNTING AND APPROPRIATION DATA

27a. SOLICITATION INCORPORATES BY REFERENCE FAR 52.212-1, 52.212-4. FAR 52.212-3 AND 52.212-5 ARE ATTACHED. ADDENDA  [X] ARE  [ ] ARE NOT ATTACHED.

27b. CONTRACT/PURCHASE ORDER INCORPORATES BY REFERENCE FAR 52.212-4. FAR 52.212-5 IS ATTACHED. ADDENDA  [ ] ARE  [ ] ARE NOT ATTACHED

28. CONTRACTOR IS REQUIRED TO SIGN THIS DOCUMENT AND RETURN ONE COPIES TO ISSUING OFFICE. CONTRACTOR AGREES TO FURNISH AND DELIVER ALL ITEMS SET FORTH OR OTHERWISE IDENTIFIED ABOVE AND ON ANY ADDITIONAL SHEETS SUBJECT TO THE TERMS AND CONDITIONS SPECIFIED HEREIN.

29. AWARD OF CONTRACT: REFERENCE _____ OFFER DATED _____. YOUR OFFER ON SOLICITATION (BLOCK 5), INCLUDING ANY ADDITIONS OR CHANGES WHICH ARE SET FORTH HEREIN IS ACCEPTED AS TO ITEMS:

30a. SIGNATURE OF OFFEROR/CONTRACTOR  [signature: Bill Rollins]
30b. AND TITLE OF SIGNER (TYPE OR PRINT)  DIRECTOR OF SALES
30c. DATE SIGNED  9-29-03

31a. UNITED STATES OF AMERICA (SIGNATURE OF CONTRACTING OFFICER)  [signature]
31b. NAME OF CONTRACTING OFFICER (TYPE OR PRINT)  NORBERT J CEBULA  CONTRACTING OFFICER
31c. DATE

STANDARD FORM 1449  (RF)
Prescribed by GSA - FAR (48 CFR) 5
OR LOCAL REPRODUCTION