UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| D.B.I. WASTE SYSTEMS, INC., )<br>)<br>Plaintiff,    )<br>)<br>v.    )<br>)<br>UNITED STATES OF AMERICA, )<br>DEPARTMENT OF VETERANS )<br>AFFAIRS, ET ALS.    )<br>)<br>Defendants.    ) | Civil Action No. 04-CV-10768-DPW |

**FEDERAL DEFENDANTS' MOTION TO DISMISS**

The federal defendants, United States of America Department of Veterans Affairs and United States General Accounting Office hereby move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) because this Court lacks jurisdiction in this case protesting the VA's award of a waste hauling contract to one of plaintiff's competitors. As grounds for this motion, the federal defendants state as follows:

1. Plaintiff cites as its jurisdictional basis 28 U.S.C. §1491(b). Complaint ¶5.

2. This statute was amended by the Administrative Dispute Resolution Act of 1996 (P.L. 104-320) ("ADRA") to provide jurisdiction over bid protests involving federal agencies to both the Court of Federal Claims and the district courts of the United States.

3. However, ADRA contained a "sunset" provision (Pub.L. No. 104-320, §12(d)), which provided that the "jurisdiction over the district courts of the United States over the actions described in section 1491(b)(1) of title 28, United States Code (as amended by subsection (a) of this section) shall terminate on January 1, 2001 unless extended by Congress."

4. "Congress included the sunset provision (1) to address the problem of forum shopping

among the district court and the Court of Federal Claims and (2) to provide national uniformity in resolving federal bid solicitation disputes." <u>Baltimore Gas and Electric Co.</u> v. <u>United States</u>, 290 F.3d 734, 737 (4th Cir. 2002)(internal quotations and citations omitted). "Congress has not acted to extend district court jurisdiction and thus federal bid solicitation disputes may now be filed only in the Court of Federal Claims." <u>Id</u>.

     5. Obviously, this action was filed after January 1, 2001, and thus jurisdiction is proper only in the Court of Federal Claims.

WHEREFORE, the federal defendants respectfully request that this Court allow this motion and dismiss this action in its entirety.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: ____/s/_____
Jeremy M. Sternberg
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
Suite 9200
Boston, MA 02210
(617) 748-3142

Dated: April 16, 2004

**CERTIFICATE OF SERVICE**

    I certify that on April 16, 2004, I caused a copy of the foregoing to be served on counsel for plaintiff by hand delivery.

_____/s/_____
Jeremy M. Sternberg
Assistant United States Attorney